48 F.3d 1216
 66 Empl. Prac. Dec. P 43,474
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward H. HOLTHAUSE; Donald Livingstone, Plaintiffs-Appellants,
v.
Douglas W. DODGE, President; Ray Payne; Mercantile-Safe
Deposit & Trust Company, Defendants-Appellees.
 No. 93-1379.
 United States Court of Appeals, Fourth Circuit.
 Argued: December 7, 1994
Decided: March 7, 1995
 
 Kenneth Mack Williams, KENNETH M. WILLIAMS & ASSOCIATES, Baltimore, MD, for Appellants.
 Darrell Robert VanDeusen, VENABLE, BAETJER & HOWARD, Baltimore, MD, for Appellees.
 Patricia Gillis Cousins, VENABLE, BAETJER & HOWARD, Baltimore, MD, for Appellees.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In January of 1991, appellants Edward Holthause and Donald Livingstone filed claims of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that their employer, Mercantile-Safe Deposit and Trust Company ("Mercantile-Safe"), and certain managers at Mercantile-Safe had discriminated against appellants from January to December of 1990. The EEOC issued a right to sue letter, and Holthause and Livingstone retained counsel and brought suit in federal court for the District of Maryland in December of 1991.
 
 
 2
 The managers and Mercantile-Safe moved to dismiss in March of 1992. The district court dismissed the complaint in November of 1992 on the grounds that: (1) the claims under the Equal Pay Act and Title VII of the Civil Rights Act of 1964 failed to state a claim because Holthause and Livingstone never alleged that they were discriminated against on the basis of anything but age; and (2) the claims under the Age Discrimination in Employment Act ("ADEA") failed to state a claim because Holthause and Livingstone never filed a charge of age discrimination with the state fair employment practice agency,[1] see Oscar Mayer & Co. v. Evans, 441 U.S. 750, 758 (1979) (holding state administrative filing requirements, when applicable, are mandatory under the ADEA); Cornett v. AVCO Fin. Servs., 792 F.2d 447, 449 (4th Cir.1986) (holding ADEA suit barred by failure to pursue appropriate administrative remedies). Holthause and Livingstone neither moved to alter or amend the dismissal order under Rule 59(e) of the Federal Rules of Civil Procedure, nor appealed the dismissal order.
 
 
 3
 In December of 1992, Holthause and Livingstone filed a Motion for Reconsideration pursuant to Rule 60(b)[2] of the Federal Rules of Civil Procedure, arguing, as they had in their opposition to appellees' motion to dismiss, that they should be relieved of the state filing requirement on their age discrimination claims because an employee of the state fair employment practice agency, the Maryland Human Resources Commission, led them to believe that it was unnecessary to file charges with the state agency. However, at no time was any documented evidence of such an occurrence produced, not even in the form of an affidavit. The district court denied the motion in February of 1993. Holthause and Livingstone filed a notice of appeal in March of 1993.
 
 
 4
 We review a district court's denial of a Rule 60(b) motion for reconsideration for abuse of discretion. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir.1993).
 
 
 5
 Rule 60(b) of the Federal Rules of Civil Procedure provides:
 
 
 6
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) ... misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason justifying relief from the operation of the judgment....
 
 
 7
 As no reason is given by Holthause and Livingstone for relief other than the "human element," by which they refer to their mistaken belief that they were excused from the need to file a charge with the state fair employment practice agency prior to instituting suit, they must be deemed to be seeking relief under part (6) of the Rule, "any other reason justifying relief from the ... judgment."
 
 
 8
 To receive relief from a judgment under Rule 60(b)(6), a party must show "extraordinary" circumstances. Ackermann v. United States, 340 U.S. 193, 202 (1950); cf. Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 107 (4th Cir.1979) (setting aside judgment where "[i]t would be unconscionable not to" because "there was no basis whatsoever either in fact or in law for [the] judgment" and the award was nearly 200 times greater than that permitted by law). Holthause and Livingstone have failed to demonstrate any extraordinary circumstances. They have been represented by counsel since the time of filing suit, yet have failed to produce any evidence of their allegation that an employee of the Maryland Human Resources Commission led them to believe that they did not need to file a charge of discrimination with that agency prior to filing suit. Although such a failure may be the result of "poor lawyering" rather than the result of a factual weakness in the allegation, we have held that " 'poor lawyering' by ... counsel cannot properly ground [a] Rule 60(b) motion." In re Virginia Info. Sys. Corp., 932 F.2d 338, 342 (4th Cir.1991).
 
 
 9
 Thus, the district court's denial of appellants' motion for reconsideration was not an abuse of discretion, as no extraordinary circumstances justifying reconsideration were shown. The judgment of the district court is accordingly
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Even as of this appeal, there is no evidence before us that Holthause and Livingstone have ever filed a charge of age discrimination with the state fair employment practice agency
 
 
 [2]
 Although appellants did not style their motion as one under Rule 60(b), a motion under any other rule would have been untimely